**Jeanette LUKE for Scott E. LUKE, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**No. CIV 86–4189.**

United States District Court, D. South Dakota, S.D.

July 10, 1987.

Karen A. Hattervig, Sioux Falls, S.D., for plaintiff.

Bonnie P. Ulrich, Asst. U.S. Atty., Sioux Falls, S.D., for defendant.

## MEMORANDUM OPINION AND ORDER

JOHN B. JONES, District Judge.

Plaintiff, Jeanette Luke, brings this action pursuant to Title 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Secretary of Health and Human Services denying plaintiff's application for surviving child's insurance benefits for her son, Scott E. Luke, under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* The plaintiff has moved for summary judgment asking for a reversal of the Secretary's decision and for an award of benefits. Defendant has moved for summary judgment affirming the decision denying plaintiff's claim. Because the Secretary's decision is supported by substantial evidence from the record as a whole, I grant defendant's motion.

Plaintiff applied for Social Security child's insurance benefits on Scott E. Luke's behalf on the earning record of Gary J. Groth, deceased wage earner, on July 2, 1985. The claim was denied and the decision was affirmed on reconsideration. A hearing before an Administrative Law Judge (ALJ) was requested. After the hearing, the ALJ denied plaintiff's application. The Appeals Council denied plaintiff's request for review of the decision and

the ALJ decision became the final decision of the Secretary.

Claimant, Scott E. Luke, was born on August 29, 1981. At the hearing plaintiff testified that she began living with Groth in July, 1980. She stated she did not have sexual relations with anyone else after she began living with Groth. Plaintiff testified that she did not use any birth control methods because Groth told her he had had a vasectomy. She stated she lived with Groth until May, 1984. Plaintiff testified that after she became pregnant, she went to Dr. Irvin Kaufman to find out how this could have happened. She stated Dr. Kaufman told her that not all vasectomies are 100% effective and because of her fertile age (25) she could have easily gotten pregnant with Groth's child.

The record shows that shortly after plaintiff became pregnant Groth had his semen tested to determine whether his vasectomy had failed and whether he could be responsible for plaintiff's pregnancy. Dr. Kaufman performed the test and found no sperm, dead or alive, in Groth's specimen. Plaintiff questions whether or not the sperm sample was Groth's. The record shows that Dr. Kaufman indicated that he had no way to know for sure that the specimen was Gary's but that he certainly had no reason to believe it was not.

Additionally, the record shows that Groth acknowledged Scott as his son in a signed notarized statement in November of 1981. Groth also applied for Social Security benefits on Scott's behalf in 1983. The record also indicates that Groth told his friends in the area that Scott was his son.

However, Groth's name is not on Scott's state birth certificate and Groth's name was placed on the hospital birth certificate by the plaintiff after she returned home from the hospital. Plaintiff testified she did not attempt to obtain Groth's signature on Scott's state birth certificate until after she stopped living with Groth. After plaintiff left Groth, she applied for AFDC and her local department of social services attempted to find Groth to establish paternity

but they were unsuccessful. When Groth applied for disability insurance benefits in 1984, he indicated he had no children under the age of eighteen (18).

The ALJ determined that plaintiff had not established that Groth was Scott's biological father and therefore was not entitled to the claimed benefits.

## I.

In *Allen v. Califano*, 452 F.Supp. 205 (D.Md.1978)[1] the court explained the statutory scheme involved in this case:

Generally speaking, those children who meet the age, filing and non-marriage requirements of the Act, 42 U.S.C. § 402(d)(1), and who have not been legally adopted by another, 42 U.S.C. § 402(d)(3)(B) are eligible for benefits if they were *dependent* upon the wage earner at the time of his death 42 U.S.C. § 402(d)(1)(C)(ii). A child is *deemed dependent* if he was (1) living with or supported by the wage earner at the time of his death, or (2) is the *legitimate child* of the wage earner 42 U.S.C. § 402(d)(3). If a child is *illegitimate*, he may nonetheless be *deemed legitimate* for the purposes of the Act (and hence deemed dependent) if he can make one of four showings:

(1) That the infant would be entitled to inherit personal property from the deceased wage earner under the law that would be applied in determining the devolution of intestate personal property by the courts of the wage earner's state at death. (42 U.S.C. § 416(h)(2)(A)).

(2) That the deceased wage earner and the other parent of the infant went through a marriage ceremony rendered invalid by some legal insufficiency (42 U.S.C. § 416(h)(2)(B)).

(3) That the deceased wage earner had (a) acknowledged the infant claimant in writing as his or her son or daughter or (b) been decreed by a court to be the claimant's parent, or (c)

---

1. This is known as (Allen I.) In (Allen II,) *Allen v. Califano*, 456 F.Supp. 168 (D.Md.1978), the court considered additional questions, 456 F.Supp. at 170.

been ordered by a court to support the claimant on the basis of parenthood, (42 U.S.C. § 416(h)(3)(c)(i)).

(4) That the deceased wage earner was actually living with or contributing to the support of the infant claimant at the time of the wage earner's death (42 U.S.C. § 416(h)(3)(c)(ii)).

*Montgomery v. Schweiker*, 523 F.Supp. 1128, 1130 (D.Md.1981) (citing *Allen v. Califano*, 452 F.Supp. 205, 208–209 (D.Md. 1978)). *See also Morgan v. Schweiker*, 558 F.Supp. 331, 332–33 (D. Ohio 1983), *McMillian by McMillian v. Heckler*, 759 F.2d 1147, 1149–1150 (4th Cir.1985).

The ALJ reviewed all of the code sections under which an illegitimate child can be deemed to be the "legitimate child" of the deceased wage earner and found that only 42 U.S.C. § 416(h)(2)(A) and 42 U.S.C. § 416(h)(3)(C)(i) applied in this action. Neither party contests this decision. 42 U.S.C. § 416(h)(2)(A) allows an individual to prove he is the child of the deceased and thus be "deemed legitimate" and "deemed dependent" if the claimant would have been treated as a child of the decedent for purposes of intestate succession under the laws of the domicile of the decedent at the time of death. In order to be "deemed legitimate" and "deemed dependent" under 42 U.S.C. § 416(h)(3)(C)(i) the following must be established: (1) the claimant is the son or daughter of the insured wage earner and has not qualified under § 416(h)(2), § 416(h)(3); (2) that the deceased wage earner acknowledged in writing that the applicant is his or her son or daughter, § 416(h)(3)(C)(i).

Applying the above code section, the ALJ denied benefits. The ALJ determined plaintiff had not established that Groth was the biological father of claimant and, therefore, Scott could not be considered the "child" of Groth under either 42 U.S.C. § 416(h)(2)(A) or 42 U.S.C. § 416(h)(3)(C)(i). Therefore the only issues to be determined are (1) whether paternity has been established under state law, as provided for in 42 U.S.C. § 416(h)(2)(A) or (2) whether paternity has been established on the basis of an acknowledgement of paternity as provided for in 42 U.S.C. § 416(h)(3)(C)(i).

II.

WHETHER PATERNITY WAS ESTABLISHED UNDER STATE LAW AS PROVIDED FOR IN 42 U.S.C.A. § 416(h)(2)(A) OF THE ACT.

■ 42 U.S.C.A. § 416(h)(2)(A) provides in pertinent part: "In determining whether an applicant is the child or parent of a fully or currently insured individual for purposes of this subchapter, the Secretary shall apply such law as would be applied in determining the devolution of intestate personal property by the courts of the state in which such insured individual is domiciled at the time such applicant files application, or if such insured individual is dead, by the courts of the state in which he was domiciled at the time of his death.... Applicants who according to such law would have the same status relative to taking intestate personal property as a child or parent shall be deemed such."

Gary J. Groth died domiciled in South Dakota, therefore South Dakota law applies. According to S.D.C.L. 29–1–15 "Every illegitimate child is an heir of the person who, in writing, signed in the presence of a competent witness, acknowledges himself to be the father of such child...." The term child in the above statute is not defined in the South Dakota Code. It was the ALJ's opinion the statute required the illegitimate to be the "child" of the father and that acknowledgements alone did not confer upon the illegitimate the status of child. The ALJ found that the status of child is primarily based on a biological relationship which requires that the individual acknowledging the child have had the capacity or opportunity to father the child. Although I have been unable to locate a case on point which defines the term child as used in S.D.C.L. 29–1–15, I agree with the ALJ's interpretation of the statute. This interpretation finds support on Justice Zastrow's dissenting opinion in *Application of G.K.*, 248 N.W.2d 380 (S.D.1977). Justice Zastrow stated "In South Dakota, a natural father can secure the right of in-

heritance for his illegitimate child by following the procedure of written acknowledgement without receipt into the family under S.D.C.L. 29–1–15." *Id.* at 385. By using the words natural father it appears that a biological relationship must be established before an acknowledged child can inherit property. *In re Oakley's Estate,* 149 Neb. 556, 31 N.W.2d 557 (1948) also supports this interpretation. In *In re Oakley's Estate* the Nebraska Supreme Court was faced with a statute similar to the one in issue in this case, the statute provided "Every child born out of wedlock shall be considered as an heir of the person who shall in writing, signed in the presence of a competent witness, have acknowledged himself to be the father of such child." *Id.* 149 Neb. at 565, 31 N.W.2d at 562. It was claimed that the requirements of the statute were met because the deceased had acknowledged the plaintiff as his daughter. *Id.* 149 Neb. at 565, 31 N.W.2d at 562. The Nebraska Supreme Court held that "the right to inherit, as provided for in this statute depends upon whether or not the illegitimacy of the person claiming such right has been established. In the instant case the appellee has failed to prove that she was the illegitimate child of Yancey Oakley. The fact of recognition of the appellee by Yancey Oakley as his daughter could confer on her no inheritable rights as his heir unless her illegitimacy was first established." *Id.* 149 Neb. at 565, 31 N.W.2d at 562.

■ The ALJ found that Groth was not the biological father of Scott. The decision was based on the evidence that Groth had had a vasectomy 10 years before Scott's birth and no sperm was found in Groth's semen specimen shortly after plaintiff became pregnant. I find that substantial evidence supports the ALJ decision that Groth was not Scott's biological father and since the biological relationship was not established claimant would not be considered Groth's child under South Dakota intestacy laws. Therefore, claimant is not entitled to benefits under 42 U.S.C. § 416(h)(2)(A).

### III.

### WHETHER PATERNITY WAS ESTABLISHED ON THE BASIS OF ACKNOWLEDGEMENT OF PATERNITY AS PROVIDED FOR IN 42 U.S.C. § 416(h)(3)(C)(i).

42 U.S.C. § 416(h)(3)(C)(i) provides in pertinent part:

(3) An applicant who is the son or daughter of a fully or currently insured individual, but who is not (and is not deemed to be) the child of such insured individual under paragraph (2) of this subsection, shall nevertheless be deemed to be the child of such insured individual if:

(C) in the case of a deceased individual—

(i) such insured individual—

(I) had acknowledged in writing that the applicant is his son or daughter. And such acknowledgement was made before the death of such insured individual. . . .

■ The ALJ determined that this section also requires the claimant to be the biological child of the wage earner to be entitled to benefits. I agree with the ALJ's interpretation of this section and find that substantial evidence supports the decision.

Plaintiff alleges that under this section proof of a biological relationship is not required in order for Scott to be "deemed" Groth's son through acknowledgement. She alleges that this would be illogical because "no one would need a 'deeming' statute if they could already prove the child to be the biological son or daughter of the deceased." Defendant contends the biological relationship must be established, otherwise benefits would have to be paid every time a child is acknowledged to be a child of a wage earner, even where it is clear the wage earner could not be the child's father. I agree with the defendant's contention.

First, according to 42 U.S.C. § 402(d)(1): "Every child (as defined in section 416(e) of this title) of an individual" is entitled to benefits if he applies and meets the remaining requirements contained in § 402(d)(1). The relevant definition of "child" is "(1) the

child or legally adopted child of an individual." 42 U.S.C. § 416(e). 42 U.S.C. § 402(d)(3) makes clear the purpose of § 416(h)(3) is to allow an illegitimate child of the deceased to be "deemed legitimate" and thus be "deemed dependent" in order to qualify for benefits under 42 U.S.C. § 402(d)(1). *Montgomery*, 523 F.Supp. at 1130; *Morgan*, 558 F.Supp. at 333; *McMillian by McMillian*, 759 F.2d at 1150. Section 416(h)(3)(C)(i)(I) does not authorize one who is not the biological child of the deceased to be deemed a child.[2]

■ Second, the Social Security regulation which interprets 42 U.S.C. § 416(h)(3)(C)(i)(I) provides "You may be eligible for benefits as the insured's *natural* child if one of the following conditions is met: ...

(C) Your mother has not married the insured but the insured is your father and he has either acknowledged in writing that you are his child...."

20 C.F.R. § 404.355 (Emphasis supplied). This regulation specifically provides the claimant must be "the insured's natural child." A natural child is a child who is the biological offspring of the insured.

Third, the introductory language of § 416(h)(3) in itself requires that the claimant be the biological child of the insured wage earner. The first requirement of § 416(h)(3) is an applicant must be the son or daughter of the wage earner. 42 U.S.C. § 416(h)(3) the use of the terms "son or daughter" rather than the more inclusive term "child" would seem to limit the exception to the biological offspring of the insured." *Pray v. Department of Health, Education and Welfare*, [Jan. 1980—Sept. 1980 Transfer Binder] Unempl.Ins.Rep. (CCH) 16.665 (S.D.N.Y.1979).

Finally as set forth in *Pray*, "the legislative history of the exception states explicitly that its only purpose is to eliminate the inconsistent results which would arise if the rights of illegitimate children turned solely on state law, as they do under § 416(h)(2)(A). *Pray* at 16,665. *See*

S.Rep.No. 404, 89th Cong., 1st Sess, *reprinted* in [1965] U.S.Code Cong. & Ad. News 1943, 2049–50. 42 U.S.C. § 416(h)(3)(C)(i)(I) was clearly created to allow illegitimate biological offspring collect benefits even if these individuals could not qualify under § 416(h)(2)(A).

It is my opinion that under either 42 U.S.C. § 416(h)(2)(A) or § 416(h)(3)(C)(i)(I) before a claimant will be "deemed legitimate" and therefore "deemed dependent" he must show he is the biological child of the wage earner. *See McMillian by McMillian*, 759 F.2d at 1153 (Whatever the intended effect of the concededly ambiguous introductory reference in paragraph (3) of § 416(h) to "an applicant who is the son," it is clear that Congress intended that a claimant invoking either of the alternative means of establishing entitlement provided by § 416(h)(3)(C) should be put to proving as one ultimate fact that the insured was his natural parent). This is not to imply that every time a claimant proceeds under § 416(h)(3)(C)(i)(I) that additional proof of paternity will be required. In most cases the written acknowledgement alone will be sufficient to establish paternity. However, where the issue of paternity is put in question by substantial evidence of non-paternity; as in this case, wage earner's vasectomy and a negative finding of sperm in his semen; then the claimant must prove the paternity and cannot rely on the acknowledgement.

■ Plaintiff has also alleged benefits should be awarded because in a prior application child insurance benefits on Scott's behalf, the Secretary found Scott to be Groth's child and awarded benefits from November 24, 1981 to July 15, 1983. This contention is without merit because at the time benefits were awarded the Secretary was unaware of Groth's vasectomy. The Secretary was informed of Groth's vasectomy by Groth's ex-wife Barbara in April of 1982 and then proceeded to investigate her allegation which resulted in the benefits being terminated.

---

2. This section applies only to illegitimate children of deceased wage earners. Adopted children and stepchildren are covered by sections § 402(d)(3)(A) and (B) and § 402(d)(4).

**1346**

Further, plaintiff claims that benefits should be awarded because the Veterans Administration recognizes Scott as Groth's child for the purpose of Veterans benefits. A decision of the Veterans Administration on whether a claimant is eligible for benefits under its Act has no bearing on decision of the Secretary on the same issue under the Social Security Act.

IT IS HEREBY ORDERED:

(1) Defendant's Motion for Summary Judgment is granted.

(2) Plaintiff's application for review of the Secretary's decision to deny benefits is hereby dismissed with prejudice.